## No. 105.

### FRANK J. HERRON *v.* JOHN McENERY.

1. The books which the Recorder of Mortgages for the parish of Orleans has purchased and placed in his office to be used for making the inscriptions authorized and required by law, and which have been partially filled, have been, by such use, dedicated to the public service, and they are no longer susceptible of private ownership.
2. It is the duty of such officers to do everything necessary to a prompt, faithful, and intelligent discharge of the duties imposed upon them by law.
3. The researches, or memoranda, of mortgages existing against certain persons, which have been made by the clerks of the recorders, and which are used in facilitating the preparation of certificates of mortgages, are archives of the mortgage office, and not the private property of the recorders.

*Appeal from late Fifth District Court. Rogers, Judge.*

*W. S. Benedict* for plaintiff and appellant.

*John McEnery* in person.

The opinion of the Court was delivered by J. O. Nixon, Jr., Esq., judge *ad hoc*, sitting in place of Rogers, judge, recused.

NIXON, Jr., Judge *ad hoc.*—Plaintiff herein, Frank J. Herron, was the Recorder of Mortgages of the parish of Orleans up to the 11th January, 1877, on which day he was succeeded by the defendant, John McEnery. He alleges in his petition that the defendant, on taking possession of his office, took also possession of certain private property of the plaintiff; and that he still has the said property in his possession, and he sues and prays for a judgment for the value of said property. A writ of sequestration was issued, which was bonded by the defendant.

The property of which the plaintiff claims the ownership consists of—1. The furniture contained in the mortgage office, such as desks, etc. 2. The blank pages of certain record books yet unused. 3. Certain blanks, being heads for certificates, and judgments; and 4. " Private memoranda of certificates of mortgages issued by the mortgage office, com-

monly known as researches." The defendant answered, averring that he had no claim to the furniture; but that the other property, whose value was sued for, were public records of the mortgage office and archives thereof, and as such the defendant, as Recorder of Mortgages, was entitled to their possession and use. The City of New Orleans intervened, and prayed the Court to adjudge that the researches were public property and part of the archives of the mortgage office. Upon these issues a judgment was rendered by the late Fifth District Court for the parish of Orleans dismissing the plaintiff's suit.

1. The value of the furniture is no longer in controversy, as it has been surrendered to the plaintiff.

2. It appears that when the defendant took possession of the office of Recorder of Mortgages, there were a certain number of record books therein that were only partially filled; plaintiff claims that he is entitled to be refunded the proportionate amount that he paid for said books. The claim is not well founded. The law requires the books when opened to be paraphed by one of the district judges of the parish of Orleans; entries are then made therein; when so used, they must be considered to have been dedicated to the service of the public; the ownership of plaintiff in them ceased the moment that he made the first entry in them. To recognize his right to be paid for the unused pages would be to recognize his right to remove the unused pages if he so desired. It was his duty to furnish himself with the proper amount and kind of books necessary for the proper discharge of the duties of his office; if in so doing he has obtained books larger than is necessary, that furnishes no reason why he should have the right to reclaim a portion of them from the public service to which he has dedicated them.

3. As to the blank certificate and judgment heads left in the mortgage office and taken possession of by the defendant, it not appearing that they had been written upon in any way, and being in nowise public records, the defendant must pay their value.

4. It appears from the evidence that the researches, valued at $500 by the plaintiff, consisted of memoranda showing the mortgages recorded against certain persons and filed away. They are of use in facilitating the work of the office, because they show mortgages recorded against persons up to the date of the last examination, hence a search need only be made for mortgages recorded since the date of the memorandum.

It appears that the plaintiff purchased these memoranda from his predecessor, Dr. Southworth, for $500, and Southworth from his predecessor for $250. Dr. Southworth states that his predecessor also purchased them. The researches date back to about 1859 or 1860; they are of great use in facilitating the making of certificates; certificates, however, can be made without them; they were made by the clerks in the mortgage office at various times in the course of their duty. The plaintiff's position is, that because these researches were not accessible to the public, they were useful to facilitate the discharge of the duties of the office, but not indispensable, and were made by clerks who were paid by the plaintiff and his predecessors, therefore they are private property. The fallacy of this position lies in the assumption that the mortgage office exists for anything else than the benefit of the public. The law gives to the recorder certain fees, and provides that he shall pay his clerks, buy his own stationery, etc.; the presumption is that out of the fees he collects he pays the expenses of properly conducting his office, leaving a reasonable compensation for himself. If the making and filing away of these researches materially hastens the work of the office, thus accommodating the public, it is the duty of the recorders to make them, for it is their duty to do everything necessary to a prompt, faithful and intelligent discharge of the duties imposed upon them by law; and having made them, they become a portion of the records and archives of the office. The labor of the clerks in the mortgage office does not belong to the recorder personally; the money that he pays them with comes from the public in the shape of fees paid to him, and the public is en-

titled to any facility of public business which their labor may create.

The fact that plaintiff paid his predecessor for the researches is irrelevant, as such payment could not have been legally demanded of him, and the force of plaintiff's argument that it is customary to pay for the researches is broken by the fact that such payment is only proved for about ten years back, whereon the researches have been in existence nearly thirty years.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed; and proceeding to give such judgment as should have been given in the lower court, it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Frank J. Herron, and against the defendant, John McEnery, for the sum of five dollars, with legal interest from judicial demand and costs of both courts.